DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-724

[January 7, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Robin L. Rosenberg, Judge; L.T. Case No. 2006CF003566A02.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

We affirm the trial court's thorough order denying appellant's motion for postconviction relief.

After trial by jury, appellant was convicted of three counts of vehicular homicide and sentenced to concurrent terms of 21.5 years in prison. His charges arose from driving conduct that resulted in the death of three persons. The prosecution presented evidence that appellant ran a red light and struck a vehicle that was making a left turn across appellant's lane. The jury acquitted appellant of three counts of DUI manslaughter, and the trial court dismissed counts of DUI and reckless driving causing serious bodily injury. We affirmed appellant's convictions and sentences on his direct appeal.

Subsequently, appellant filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, arguing, among other things, that his trial counsel was ineffective for failing to call an accident reconstruction expert to rebut the state's experts at trial. Following an

evidentiary hearing on this sole ground, the trial court denied appellant's claim of ineffective assistance of counsel.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-pronged standard of review for claims of ineffective assistance of trial counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

These standards have been adopted and consistently applied by the Florida Supreme Court. *See, e.g.*, *King v. State*, 597 So. 2d 780, 782 (Fla. 1992); *Kelley v. State*, 569 So. 2d 754, 758-59 (Fla. 1990).

Both parts of the two-prong analysis must be established before a defendant can prevail on a claim of ineffective assistance of counsel. With regard to the first prong requiring a showing of counsel's deficient performance, judicial scrutiny is highly deferential. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citations omitted).

At the evidentiary hearing on appellant's claim of ineffective assistance of counsel, trial counsel testified that after evaluating all options while preparing for trial, he decided not to hire an accident reconstruction expert. He reasoned that an expert would not necessarily assist the defense and might bolster the state's case. Appellant admitted that he was speeding through the intersection, and although he claimed the light was yellow, the state presented eyewitness testimony that he entered the intersection when the light was red. Trial counsel opined that no expert, on either side, would be able to testify as to exactly what color the light was at the time of actual impact. The trial court found trial counsel's testimony to be credible. Further, applying the highly deferential

2

*Strickland* standard, the trial court found that his decision not to call an accident reconstruction expert at trial was the product of reasonable, competent assistance, made after careful review of alternative options which existed at that time.

We agree with the trial court's finding that trial counsel's performance was not deficient in his defense against the vehicular homicide charges. And although we need not reach the second prong of the *Strickland* test, we similarly agree with the trial court's conclusion that appellant failed to satisfy the prejudice prong of *Strickland*, because based on the totality of the evidence at trial, there is no reasonable probability that the outcome of the trial would have been different.

Accordingly, we affirm.

*Affirmed.*

Warner and Ciklin, JJ., concur.

*       *       *

**_Not final until disposition of timely filed motion for rehearing._**